GEORGE REMUS, for appellant.

THOMAS F. SWANSON and ELWYN E. LONG, for appellee.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

### Abstract of the Decision.

EXECUTION, § 305*—*when denial of release of insolvent cannot be reviewed.* Where on an appeal by an insolvent debtor, arrested under a writ of *capias ad satisfaciendum* from a judgment dismissing his petition to be released from arrest, the record only shows the filing of the petition, denial thereof, remand to the sheriff, dismissal of the petition and appeal therefrom, and does not contain a bill of exceptions, it cannot be determined whether it was error to hold that malice was of the gist of the action or to dismiss the petition.

---

### A. Yuckman, Defendant in Error, v. Joseph A. Fischer, Plaintiff in Error.

### Gen. No. 18,292.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in this court at the March term, 1912. Reversed and remanded. Opinion filed November 24, 1913.

### Statement of the Case.

Action by A. Yuckman against Joseph A. Fischer to recover broker's commissions for effecting an exchange of property. From a judgment for plaintiff for five hundred and seventy-five dollars, defendant brings error.

VINCENT D. WYMAN and OTTO W. JURGENS, for plaintiff in error.

ADLER & LEDERER, for defendant in error.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

## Abstract of the Decision.

BROKERS, § 88*—*when right to commission not shown.* A broker suing to recover commission for effecting an exchange of property testified that defendant accepted an offer for a certain amount for his property and agreed to take in exchange incumbered property, assuming the mortgage, the equity being equal in value to his property, but did not testify that the owner of the incumbered property had made such an offer. Defendant testified he neither made nor accepted the offer, and the owner of the mortgaged property contradicted plaintiff. *Held,* a verdict for plaintiff was manifestly against the evidence.

## Michael Nelson, Appellee, v. Buick Motor Company, Appellant.

## Gen. No. 18,306.

1. DAMAGES, § 68*—*duty of person injured to lessen loss.* As a general rule it is the duty of a party injured by a breach of contract or tort to make reasonable effort to avoid damages therefrom, and such damages as might have been avoided by reasonable diligence on his part are not recoverable.

2. DAMAGES, § 214*—*when instruction denying recovery for failure of plaintiff to prevent loss proper.* In an action for the breach of a contract for the sale of an automobile, where the defendant had agreed to take plaintiff's automobile in part payment and took it from the rear of plaintiff's residence in accordance with the agreement, but later declined to allow plaintiff the price agreed upon and returned it to plaintiff's alley, where it remained all winter until it disappeared, *held,* that the courts' refusal to give an instruction to the effect that plaintiff could not recover for any loss or damages which he sustained by reason of his failure to make reasonable effort to prevent loss or damage, was reversible error.

Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the March term, 1912. Reversed and remanded. Opinion filed November 24, 1913.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.